UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VANESA BECERRIL, o/b/o JAT,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY

Defendant.
-----------------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
18 Civ. 8513 (NSR)(JCM)

NELSON S. ROMÁN, United States District Judge

Plaintiff Vanessa Becerril ("Plaintiff" or "Becerril") commenced this action on behalf of her minor son, JAT, pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for supplemental security income ("SSI"), finding JAT not disabled within the meaning of the Social Security Act (the "Act"). This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 15). Plaintiff did not respond or file a cross-motion.

Now before the Court is MJ McCarthy's R & R, recommending that Defendant's motion be denied and that the case be remanded to the ALJ for further proceedings consistent with the R & R. The Parties had until September 12, 2019 to oppose the R & R but no opposition was filed.



1

For the following reasons, the Court adopts the R&R in its entirety, and the case is REMANDED for further proceedings consistent with this opinion.

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

JAT was born on July 30, 2014. (R.[1] 48). On October 27, 2014, Plaintiff applied for SSI on JAT's behalf, alleging that he was disabled beginning July 30, 2014. (R. 158-66). The Social Security Administration ("SSA") denied the application. (R. 104). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and ALJ Brian Lemoine held a hearing on January 4, 2017. (R. 63-94, 110). The ALJ denied the application on August 10, 2017. (R. 42-57). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (R. 1).

Extensive medical evidence, educational records, non-medical reports, a record review by a consulting physician, and hearing testimony is detailed in the R & R. All of this evidence was available to the ALJ prior to the ALJ's decision on August 10, 2017. Additional evidence was subsequently provided to the Appeals Council, but the Appeals Council did not consider the new evidence. The Appeals Council reasoned that "the additional evidence [did] not relate to the period at issue." (R. 2). This additional evidence included (1) an Individualized Education Program ("IEP") for JAT; (2) an educational annual review; (3) a speech and language annual

---

[1] Refers to the certified administrative record of proceedings relating to Plaintiff's application for social security benefits, filed in this action on January 3, 2019. (R. 13). All page number citations to the certified administrative record refer to the page number assigned by the SSA.

review; and (4) a hearing services annual review. (R. 2, 7-34). After the Appeals Council denied

Plaintiff's request for review, Plaintiff commenced this action.

## **LEGAL STANDARDS**

An individual under the age of 18 is considered disabled if he is not engaged in

"substantial gainful activity" and has a "medically determinable physical or mental impairment,

which results in marked and severe functional limitations, and which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 1382c(a)(3)(C). The SSA's regulations set forth a three-step procedure for

evaluating whether a child is disabled:

> First, the ALJ considers whether the child is engaged in "substantial gainful
> activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child
> has a "medically determinable impairment that is severe," which is defined as an
> impairment that causes "more than minimal functional limitations." *Id.* §
> 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then
> consider whether the impairment "medically equals" or, as is most pertinent here,
> "functionally equals" a disability listed in the regulatory "Listing of
> Impairments." *Id.* § 416.924(c)-(d).

*Miller v. Comm'r of Social Sec.*, 409 Fed. Appx. 384, 386 (2d Cir. 2010) (quoting

*Pollard v. Halter*, 377 F. 3d 183, 189 (2d Cir. 2004)). Additionally, "the regulations

provide that in determining whether a child's impairment functionally equals a listed

impairment, the ALJ must evaluate the child's functioning across six 'domains.'" *Id.*

(citing 20 C.F.R. § 416.926a(a)). The domains include: (i) acquiring and using

information; (ii) attending and completing tasks; (iii) interacting and relating with others;

(iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and

physical well-being. 20 C.F.R. § 416.926a(b)(1). "[A] finding of 'extreme' limitation in

one domain or of 'marked' limitation in two domains satisfies this criterion of functional equivalence." *Miller*, 409 Fed. Appx. at 386 (citing 20 C.F.R. § 416.926a(a)).

## **STANDARD OF REVIEW**

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc.* Sec., 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standard have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the

4

administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

## **DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error.

An individual is deemed disabled under the Act if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. See *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (*quoting* 42 U.S.C. § 423(d)(1)(A)).

Under the SSA's regulations, claimants are permitted to submit additional evidence to the Appeals Council as long as the evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Amendments to 20 C.F.R. § 404.970, effective January 17, 2017, added a "good cause" requirement for claimants seeking to submit additional records to the Appeals Council. 20 C.F.R. § 404.970(b). "[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).

5

Evidence is "new" if it was not before the ALJ and is "not merely cumulative of what is already in the record." *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). It is "material" if it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Id.* Materiality also requires "a reasoned possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Id.* "Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." *Hightower v. Colvin*, No. 12 Civ. 6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing *Brown v. Apfel*, 174 F.3d 59, 64-65 (2d Cir. 1999)). Moreover, the evidence "need not have been generated prior to the ALJ's decision to be material, so long as the evidence relates to the period prior to the ALJ's decision and reveals genuinely new information about the claimant's condition." *Marchetti v. Colvin*, No. 13 Civ. 2581 (KAM), 2014 WL 7359158, at *14 (E.D.N.Y. Dec. 24, 2014) (citing *Newbury v. Astrue*, 321 Fed. Appx. 16, 19 (2d Cir. 2009)).

In the instant matter, Plaintiff submitted new evidence to the Appeals Council consisting of an IEP and annual reviews in regard to education, speech and language skills, and hearing. (R. 7-34). The Appeals Council did not consider the new evidence submitted, reasoning that "the additional evidence [did] not relate to the period at issue." (R. 2). In the R & R MJ McCarthy determined that the Appeals Council failed to properly develop the record with respect to additional evidence provided by Plaintiff.

Contrary to the Appeals Council's finding, the new evidence relates back to the period prior to the ALJ's August 2017 decision. The IEP was based on test results from June and July 2017, which was during the relevant time period (R. 9). Additionally, the annual reviews showed

ongoing treatment and symptoms for the same condition Plaintiff complained of in her application for JAT's benefits. See *Camacho v. Colvin*, No. 15 Civ. 7080 (CM)(DF), 2017 WL 770613, at *24 (S.D.N.Y. Feb. 27, 2017) (evidence "post-dating the relevant period" that showed "treatment of Plaintiff's long-standing conditions … directly relates to [Plaintiff's] condition for the time period for which benefits were denied."); *Acosta v. Colvin*, No. 15 Civ. 4051 (RLE), 2016 WL 6952338, at *17 (S.D.N.Y. Nov. 28, 2016) (new evidence "relate[d] back to the period for which [plaintiff] was seeking disability benefits" where it addressed the same injury); *Brown*, 174 F.3d at 64-65 (remand was appropriate where neurological examinations conducted six months after the ALJ's decision contradicted the ALJ's finding). This new evidence "may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought'" and it cannot be deemed irrelevant solely because of timing. *Newbury*, 321 Fed. Appx. at 18 n.2 (citing *Pollard*, 377 F.3d at 193).

The ALJ concluded that JAT had no limitations in the first five domains of functional equivalence and less than marked limitations in the sixth domain, health and physical well-being. (R. 52-56). As the R & R explained, at step three of the sequential analysis, an "extreme" limitation in one domain or "marked" limitations in two domains satisfies the criteria of functional equivalence. *Miller*, 409 Fed. Appx. at 386. The new evidence submitted to the Appeals Council bears on whether JAT's microtia and hearing loss impairments functionally equaled a listed impairment. The IEP and the results of annual reviews discussed JAT's ability to interact and relate with others and acquire and use new information and stated that he suffered from mild to significant delays in these areas due to his hearing loss. The ALJ should consider and weigh this new evidence in the functional equivalence analysis.

Although the normal course of action would be to remand consideration of the new evidence back to the Appeals Council to address the additional requirements of 20 C.F.R. § 404.970, the Court finds that the new evidence should be put before the ALJ, as there are errors in the ALJ's underlying decision that independently warrant remand to the ALJ. Having found no clear error, the Court adopts MJ McCarthy's R & R and remands the matter back to the SSA for further proceedings consistent with this Opinion and Order, and the R & R.

## **CONCLUSION**

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is DENIED and the case is REMANDED to the SSA for further proceedings consistent with the R & R. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 15, to mail a copy of this Order upon Plaintiff and to show proof of service on the docket.

Dated: September 23, 2019
       White Plains, New York

SO ORDERED

_____
NELSON S. ROMÁN